IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROLYN TERNER )
) No. 14-1603
v.

CAROLYN W. COLVIN

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for disability insurance benefits and child's insurance benefits, alleging continuous disability for more than thirty years due to mental and physical impairments, with an onset date of July 1, 1980. The date last insured based on Plaintiff's wages was September 30, 2001. Her claim was denied initially, and upon hearing by an Administrative Law Judge ("ALJ"), who determined that she was not continuously under a disability either beginning prior to attaining age 22 on March 22, 1983, or beginning prior to September 30, 2001, and continuing through the period covered by her applications. The Appeals Council denied her request for review. Before the Court are the parties Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

### A. MEDICAL OPINION

Plaintiff contends that the ALJ improperly reached his conclusions without the benefit of any medical expert's opinion. The medical evidence of record, in this case, was supplied by Debra Frankel, the licensed clinical social worker who treated Plaintiff from 2002 until 2012, and records of psychiatric treatment at Western Psychiatric Institute and Clinic ("WPIC"), where

2

Plaintiff was admitted in 1992, and where she continued to treat at various times through 2012. The only opinion regarding Plaintiff's residual functional capacity ("RFC") was supplied by Ms. Frankel, and was rejected by the ALJ.

The ALJ, of course, must make the ultimate disability and RFC determinations. See 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c). "The [RFC] assessment is a medical one and must be determined on the basis of medical evidence." Warfle v. Astrue, 2011 U.S. Dist. LEXIS 150692 (M.D. Pa. May 5, 2011) "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." Gormont v. Astrue, 2013 U.S. Dist. LEXIS 31765, at *27 (M.D. Pa. 2013); Godson v. Colvin, 2015 U.S. Dist. LEXIS 58100 (W.D. Pa. May 4, 2015). As stated with respect to physical limitations, for example, "[o]nce the doctor has determined how long the claimant can sit, stand or walk…then the ALJ, with the aid of a vocational expert if necessary, can translate that medical determination into a residual functional capacity determination." Gormont, 2013 U.S. Dist. LEXIS 31765, at *27 (quoting Carolyn A. Kubitschek & Jon C. Dubin, Social Security Disability Law and Procedure in Federal Courts, 287-88 (2011)). Thus:

> If an administrative law judge makes a residual functional capacity assessment on the basis of his or her review of the evidence, including the medical records, without the benefit of an expert opinion from a physician or other qualified medical professional regarding the exertional and non-exertional abilities of a claimant, the administrative law judge has improperly substituted his or her own lay medical opinion for that of a physician or other qualified medical professional.

Warfle, 2011 U.S. Dist. LEXIS 150692, at *16.

Here, the ALJ determined that Plaintiff suffered from severe impairments of bipolar affective disorder and narcissistic personality disorder. There is, however, no medical opinion of record supporting Plaintiff's functional ability to perform work-related activities. Accordingly, while it is apparent that the ALJ thoughtfully considered the record, he did not rely on any

3

medical opinion when formulating the RFC. Because no physician opined as to such limitations, it is unclear how the ALJ reached the conclusion, that Plaintiff should be limited to a low-stress, stable environment, only simple work-related decisions, and only occasional interaction with the public. Of course, these may be seen as common sense limitations for a person who has, as the ALJ found, moderate difficulties in social functioning due to periods of paranoid thinking, or moderate difficulties with concentration, persistence, and pace. There are, however, other, equally common-sense limitations – such as, perhaps, restrictions on interactions with co-workers or supervisors – which are absent from the RFC. I am unable to discern how the ALJ arrived at the limitations in the RFC, while choosing not to incorporate other potential limitations. I note, too, that at the initial level, the state agency reviewer found insufficient evidence to fully evaluate Plaintiff's mental impairment claim.[1] As suggested by the caselaw, there may be cases in which the ALJ may make an RFC assessment without any medical opinion regarding a Plaintiff's functional capacity. This case, which involves a claimant with a long history of fairly continuous psychiatric treatment, including multiple hospitalizations and a raft of psychiatric medications, reflected in the voluminous record, does not present one of those rare instances.

An ALJ must order a consultative examination where "such an examination is necessary to enable the ALJ to make the disability decision." Thompson v. Halter, 45 F.App'x 146, 149 (3d Cir. 2002). On remand, the ALJ should further develop the record in order to assure that the RFC is based on expert opinion; this development may, if appropriate, include a consultative exam.

### B. DEBRA FRANKEL, LCSW

---

[1] At the initial level, the examiner considered evidence from WPIC and UPMC Presbyterian.

Plaintiff further argues that the ALJ improperly rejected the opinion of Ms. Frankel, licensed clinical social worker and Plaintiff's treating therapist of many years. Ms. Frankel completed a mental RFC questionnaire, indicating that Plaintiff has had periods of wellness followed by periods of recurrence, with specified functional limitations, applicable since she was age 18. The ALJ did not credit Ms. Frankel's opinion, because she did not treat Plaintiff prior to her attaining the age of 22, or before the date last insured, and because he found that Ms. Frankel's proposed limitations on acceptable attendance and time on-task did not reasonably relate back to the relevant time periods.[2] The ALJ is not required to afford controlling weight to the opinion of a therapist, who is not an "acceptable medical source" under 20 C.F.R. 404.1513(a). He must, however, consider such an opinion.[3] While I find no substantial or tangible error in the ALJ's approach to Ms. Frankel's opinion, the ALJ should take the opportunity on remand to reconsider that opinion in light of Plaintiff's longitudinal record and any additional evidence that might augment the record on remand, or to clarify his reasons for rejecting Ms. Frankel's RFC opinion.

## CONCLUSION

Absent medical opinion to support the RFC, the Court cannot satisfy its obligation to determine whether the ALJ's decision was supported by substantial evidence. This matter will be remanded for further proceedings.

---

[2] The ALJ, however, elsewhere noted evidence that Plaintiff had been hospitalized five times prior to a psychiatric admission in October, 1991, and that inpatient care dated back to 1980.

[3] Moreover, Defendant's contention that Ms. Frankel's treatment notes consistently show Plaintiff's stability misses the point. A treating source's observation that a patient is stable for treatment purposes does not necessarily reflect a patient's ability to function in a work setting. Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 356-57 (3d Cir. Pa. 2008).

**ORDER**

AND NOW, this 13th day of August, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is GRANTED, and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court